UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EDWARD I. ELDRIDGE, SR.,
ADC #157109                                                                                          PLAINTIFF

V.                                      5:16CV00202 SWW/JTR

WENDY KELLEY, Director,
Arkansas Department of Correction, et al.                                      DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

### I. Introduction

Plaintiff, Edward I. Eldridge, Sr. ("Eldridge"), is a prisoner in the Cummins Unit of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. Pursuant to the

screening function mandated by 28 U.S.C. § 1915A, the Court recommends that: the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

In April of 2016, Defendants allegedly refused to allow Eldridge to receive, by mail, a copy of the Georgetown Law Review's "Annual Review of Criminal Procedure" ("Georgetown publication") because it exceeded ADC weight and size regulations. *Doc. 2.*

Eldridge contends that Defendants violated ADC policy when they did so. However, a § 1983 action must be premised on an alleged violation of the plaintiff's Constitutional rights. *See* 42 U.S.C. § 1983; *Gatlin ex rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004). Eldridge does not have a Constitutional right to require the ADC to comply with its internal rules and policies. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

(8th Cir. 1997).

Eldridge also alleges that Defendants opened the package containing the Georgetown publication outside of his presence. Pursuant to the Sixth Amendment, prison officials must open privileged legal mail in the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974); *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). In this respect, privileged legal mail is narrowly defined as "mail to or from an inmate's attorney and identified as such." *Gardner,* 109 F.3d at 430; *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981). The Georgetown publication does not fall under this narrow definition of legal mail. Thus, ADC prison officials did not violate the Constitution when they opened the package containing the Georgetown publication outside of Eldridge's presence.

Finally and most importantly, Eldridge *concedes* that a copy of the Georgetown publication is available for him to use in the Cummins Unit library. Thus, Eldridge has not suffered any Constitutional harm as a result of Defendants' refusal to allow him to have a personal copy of that publication.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.      Dismissal be counted as a STRIKE, as defined by 28 U.S.C. § 1915(g).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken good faith.

Dated this 30th day of August, 2016.

*[signature: J. Thomas Ray]*

UNITED STATES MAGISTRATE JUDGE